IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD ITHIEL LAING,                     Case No. 3:10-cv-00878-HU

        Petitioner,               FINDINGS AND RECOMMENDATION

  v.

JOHN KROGER and NENA
STRICKLAND,

        Respondents.

NELL BROWN
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

JOHN R. KROGER
Attorney General
KRISTEN E. BOYD
LYNN DAVID LARSEN
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Respondent

HUBEL, Judge

    Petitioner Richard Ithiel Laing, an inmate under the jurisdiction of the Oregon Psychiatric Security Review Board,

1 - FINDINGS AND RECOMMENDATION

brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition should be denied, and this proceeding should be dismissed.

## BACKGROUND

On February 21, 2002, following a stipulated facts trial, petitioner was found guilty except for insanity of Assault in the Second Degree. Petitioner was committed to the Oregon State Hospital, under the jurisdiction of the Psychiatric Security Review Board ("PSRB" or "Board"), for a period not to exceed 10 years. With credit for time served, the PSRB's jurisdiction was calculated to lapse as of May 28, 2011.

However, on November 18, 2005, petitioner left the Oregon State Hospital on a library pass and failed to return. Almost two years later, on or about August 29, 2007, petitioner was arrested and charged with Escape in the First Degree. Shortly thereafter, he was returned to the state hospital.

On May 6, 2008, petitioner pled guilty to Escape in the Second Degree in Marion County Circuit Court. In a "Commit Order" dated May 7, 2008, the PSRB recited the substance of the plea agreement underlying petitioner's guilty plea as follows: (1) petitioner agreed to plead guilty to Escape in the Second Degree and requested conditional release to the custody of the Oregon Department of Corrections; (2) petitioner would receive a prison term which would result in his incarceration until January, 2011, together with a

2 - FINDINGS AND RECOMMENDATION

two-year term of post-prison supervision; (3) upon completion of petitioner's prison term, the Attorney General would request the PSRB to conditionally release petitioner pursuant to the terms of the post-prison supervision order; and (4) upon successful completion of post-prison supervision in January, 2013, the Attorney General would request the PSRB to discharge petitioner from the Board's jurisdiction.

The May 7, 2008 Commit Order also noted the disagreement between petitioner and the PSRB as to the proper expiration date of the Board's jurisdiction over petitioner:

> Mr. Laing understands that the Board's (and the Attorney General's office agrees) currently calculated end of jurisdiction date is May 16, 2013 which includes the time that he was on Escape status from the Oregon State Hospital. Mr. Laing disagrees with the addition of this time, believing and arguing to the Board that it cannot extend his jurisdiction beyond the judicially imposed commitment. (Resp. Ex. 105, p. 3); see also O.A.R. 859-030-0010(2).[1]

On May 21, 2008, the PSRB issued a "Conditional Release Order," noting that petitioner had pled guilty to Escape in the Second Degree, and releasing petitioner to the custody of the Oregon Department of Corrections to serve his term of imprisonment. On June 6, 2008, petitioner filed an appeal from the PSRB's May 7

---

[1] O.A.R. 859-030-0010(2) provides that "[t]he period of jurisdiction of the Board shall be equal to the maximum sentence the court finds the person could have received had the person been found guilty" except that "[t]he Board does not consider time spent on unauthorized leave from custody . . . as part of the jurisdictional time."

3 - FINDINGS AND RECOMMENDATION

and 21 Orders, challenging the PSRB's assertion that petitioner's 10-year commitment for assault would not expire until May 16, 2013. The Oregon Court of Appeals dismissed the appeal as not ripe for judicial review, and the Oregon Supreme Court denied review. <u>Laing v. Psychiatric Sec. Review Bd.</u>, 232 Or. App. 506, 222 P.3d 748 (2009), <u>rev. denied</u>, 348 Or. 461 (2010).

On or about March 18, 2010, petitioner completed his prison term (with good time credit), and was transferred back to the Oregon State Hospital pursuant to a detainer. On March 31, 2010, the PSRB conducted a conditional release revocation hearing, and on May 5, 2010, issued a Commit Order committing petitioner to the Oregon State Hospital *pending the availability of a release plan with supervision and treatment necessary for petitioner's conditional release*. (Pet. Brief in Response, Ex. C (#28-3), p. 56.) Petitioner appealed from that Order, and the parties have not apprised the court of the status of his appeal.

On July 27, 2010, petitioner filed this petition for writ of habeas corpus. In the instant proceeding, petitioner asserts one ground for relief – that he was denied due process pursuant to the Fifth and Fourteenth Amendments to the Constitution in May of 2008, when the Board extended its jurisdiction over petitioner beyond the initial period imposed by the trial court because he took an "unauthorized leave" from the Oregon State Hospital. (Petition for Writ of Habeas Corpus (#2) p. 4.)

4 - FINDINGS AND RECOMMENDATION

**DISCUSSION**

Respondent contends that petitioner's federal claim is procedurally defaulted because: (1) he did not fairly present it to the state courts; and (2) the state court decision dismissing his claim rests upon an independent and adequate state rule.

In his memorandum, petitioner concedes that he did not fairly present his federal due process claim to the state courts. However, petitioner submits that this court should reach the merits of his claim because the state rule is inadequate to support the judgment. Petitioner argues that if his claim is procedurally defaulted, the court nevertheless should review his claim because he can establish cause and prejudice, or that the court's failure to address his claim would result in a miscarriage of justice.

**I.    Procedural Default**.

  **A.    Standards**.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896, 915-56 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).

A state prisoner procedurally defaults his available state remedies in one of two ways. First, he may fail to exhaust, or fail to "fairly present," the federal claim to the state court, and the procedural default is caused by the fact that the state court would now find the claims procedurally barred. Coleman v. Thompson, 501 U.S. 722, 729 n.1 (1991); Gray v. Netherland, 518 U.S. 152, 161-62 (1996); Casey, 386 F.3d at 920-21. Second, a federal claim is procedurally defaulted if it is actually raised in state court, but explicitly rejected by the court based upon a state law. Cone v. Bell, 556 U.S. 449, 465 (2009); Coleman, 510 U.S. at 729-30. Federal habeas relief is precluded in these cases provided the state law invoked is independent of the federal question and adequate to support the judgment. Coleman, 501 U.S. at 720-30; Lee v. Kemna, 534 U.S. 362, 375 (2002); Sechrest v. Ignacio, 549 F.3d 789, 802 (9th Cir. 2008), cert. denied, 130 S. Ct. 243 (2009).

In this case, petitioner's claim that the Board unlawfully extended its jurisdiction over him is similar under state law and federal law. Thus, I presume *arguendo* that petitioner presented his federal claim to the state court. I also conclude that the state court expressly rejected petitioner's claim based upon a state procedural rule, namely that it was not justiciable or ripe for adjudication. As respondent correctly argues, this case more

6 - FINDINGS AND RECOMMENDATION

accurately falls into the independent and adequate state rule category of procedural default.

As a general rule, a federal habeas court will not review a claim rejected by a state court if the decision of the state court rests upon a state law ground that is independent of the federal question and adequate to support the judgment. Walker v. Martin, 131 S.Ct. 1120, 1127 (2011); Coleman, 501 U.S. at 729; Greenway v. Schriro, 653 F.3d 790, 797 (9th Cir. 2011). The state law ground may be a substantive rule dispositive of the case or a procedural bar to adjudication of the claim on the merits. Walker, 131 S.Ct. at 1127.

A state procedural rule is "independent" for purposes of preclusion, if it is not interwoven with federal law, and the state court explicitly invoked the rule as a separate basis for its decision. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003); Bennett v. Mueller, 322 F.3d 573, 581 (9th Cir.), cert. denied, 540 U.S. 938 (2003). Petitioner does not dispute that the Oregon Court of Appeals' decision was independent of federal law.

A state procedural rule is "adequate" for purposes of preclusion, if it is clear, consistently applied, and well-established and at the time of petitioner's purported default. Walker, 131 S.Ct. 1127; Sechrest, 549 F.3d at 802-03; Collier v. Bayer, 408 F.3d 1279, 1284 (9th Cir. 2005), cert. denied, 547 U.S. 1013 (2006); Vang, 329 F.3d at 1073-74.

7 - FINDINGS AND RECOMMENDATION

If the respondent pleads the existence of an independent and adequate state procedural rule as an affirmative defense, the burden shifts to the petitioner to assert specific factual allegations that demonstrate the inadequacy of the state rule. If the petitioner satisfies this burden, the respondent bears the ultimate burden of proving the rule bars federal review. Collier, 408 F.3d at 1284 & n.6; Bennett, 322 F.3d at 586.

**B.    The Oregon Decision Was Independent and Adequate.**

Before the Oregon Court of Appeals, petitioner challenged Commit Orders dated May 7 and May 21, 2008, arguing that the Board erred in extending its jurisdiction over him beyond the 10-year period imposed by the trial court, contrary to O.R.S. §§ 161.336(8) and 161.605. The Board argued that neither the May 7, nor the May 21 order established a specific date on which the Board's jurisdiction will end, and that the dispute was not ripe for adjudication, or was moot. The Oregon Court of Appeals ruled that the case was not justiciable. The court determined the following:

> [W]e agree with the [B]oard that neither [the May 7, 2008] order, nor the [B]oard's May 21, 2008, order, establishes, as a matter of agency action, the specific date on which that expiration will occur. It follows that the issue raised in the petition for judicial review-the board's authority to determine such a date based in part on petitioner's unauthorized absence from the state hospital-is not ripe for review. We therefore dismiss judicial review. Laing, 232 Or. App. at 510.

Petitioner contends that Oregon courts do not consistently determine when an agency order is final, and that its ripeness

8 - FINDINGS AND RECOMMENDATION

doctrine is not regularly followed. Petitioner submits that Oregon courts inconsistently apply the final order doctrine under O.R.S. § 183.310 of the Oregon Administrative Procedure Act, and therefore the state ground is not adequate. Petitioner's arguments fail for two reasons.

First, the underlying Oregon Court of Appeals decision did not cite O.R.S. § 183.310 or offer an interpretation of final agency action under that statute, so it is unclear whether interpretations of that statute are relevant to the discussion at hand. Rather, the Oregon Court of Appeals' decision turned on the concepts of ripeness and justiciability.

In its ruling, the Oregon Court of Appeals cited <u>Dreyer v. Portland General Elec. Co.</u>, 341 Or. 262, 142 P.3d 1010 (2006), for the proposition that the Oregon courts do not "sit in review of speculation about what an agency will decide," and that until an agency acts, its decisions are not ripe for review. <u>Id.</u> at 286 n.19. Additionally, under Oregon law, a justiciable controversy exists when "the interests of the parties to the action are adverse" and "the court's decision in the matter will have some practical effect on the rights of the parties to the controversy." <u>Brumnett v. PSRB</u>, 315 Or. 402, 405-06, 848 P.2d 1194 (1993). Petitioner has not demonstrated that <u>Dreyer</u>, or the doctrines of ripeness or justiciability have been inconsistently applied.

9 - FINDINGS AND RECOMMENDATION

Second, even if O.R.S. § 183.310 does apply, the cases cited by petitioner do not establish inconsistent application. Petitioner relies on Teel Irrigation Dist. v. Water Resources Dept. of Oregon, 323 Or. 663, 919 P.2d 1172 (1996). In Teel, the court determined that a December 18, 1991 letter stated what the permit holder's water rights were under his existing permits. Thus, because the letter was final under O.R.S. § 183.310, he had only 60 days to petition for judicial review of that order under O.R.S. § 183.484(2). Id. at 676-77. In Teel, the permit holder's failure to timely appeal defeated his challenge to the December 18, 1991 letter. Id. at 677.

Petitioner argues that Teel is inconsistent with Sheperd v. Oregon Liquor Control Comm'n, 81 Or. App. 201, 724 P.2d 901 (1986). In Shepard, the court determined that a remand order was not a final order under O.R.S. § 183.310, because it contemplated further administrative action. There, the court determined that the ruling was a tentative declaration because it did not resolve the issue of restoration of his employment position with the Oregon Liquor Control Commission. Id. at 204. Petitioner's argument misses the mark. The fact that different facts yield different results does not render a rule inadequate. A decision determined to be final for purposes of appeal is not the same as a decision to remand for further proceedings. I reject petitioner's argument that because

10 - FINDINGS AND RECOMMENDATION

Teel and Shepard reached different outcomes Oregon courts inconsistently apply O.R.S. § 183.310.

In short, petitioner has not offered any evidence that the ripeness doctrine has been inconsistently applied, lacks clarity or is not well-established in order to meet his burden. I conclude that the Oregon court's express rejection of petitioner's only claim was based upon an independent and adequate state rule and that his claim is procedurally defaulted. Furthermore, petitioner acknowledges that he did not fairly present his federal claim. Because petitioner can no longer raise his claim to the Oregon Supreme Court, it is procedurally defaulted.

## II. Petitioner Has Not Established Cause to Excuse His Procedural Default.

Habeas review of the merits of a petitioner's procedurally defaulted claims is barred unless the petitioner can show: (1) cause and prejudice as a result of the alleged federal violation, or (2) failure to consider the claims will result in a fundamental miscarriage of justice. Schnieder v. McDaniel, 674 F.3d 1144, 1153 (9th Cir. 2012); Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Murray, 477 U.S. at 496.

To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. Schneider, 674 F.3d at 1153; Murray, 477 U.S. at 488. To establish prejudice, a

11 - FINDINGS AND RECOMMENDATION

petitioner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982); Schneider, 674 F.3d at 1153. Although both cause and prejudice must be shown to excuse a procedural default, the court need not examine prejudice if petitioner fails to establish cause. Engle v. Isaac, 456 U.S. 407, 134 n.43 (1982).

To establish a "fundamental miscarriage of justice" resulting in the conviction of someone who is actually innocent, the petitioner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of the new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

In this proceeding, petitioner submits that his appellate counsel's failure to exhaust his due process claim amounted to ineffective assistance. According to petitioner, because his appeal from his PSRB hearing was akin to a direct appeal from sentencing, he was entitled to constitutionally effective assistance. Petitioner's argument fails for multiple reasons.

First, petitioner has not demonstrated that he has a right to counsel on appeal from his PSRB hearing. Coleman, 501 U.S. at 752 (where there is no right to counsel, there cannot be ineffective

12 - FINDINGS AND RECOMMENDATION

assistance of counsel in such proceedings).[2]  Second, even presuming *arguendo* that petitioner has such a right to counsel, an ineffective assistance of counsel claim will only constitute cause to excuse a procedural default if counsel's performance was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984).  Murray, 477 U.S. at 488.  Here, petitioner's conclusory argument that counsel was ineffective on appeal because he failed to exhaust his due process claims in no way demonstrates deficient performance and prejudice under Strickland.  See Poland v. Stewart, 169 F.3d 573, 587 (9th Cir.), cert. denied, 528 U.S. 845 (1999)(appellate counsel's failure to raise a claims did not amount to cause to excuse his procedural default); see also Moormann v. Ryan, 628 F.3d 1102, 1109-10 (9th Cir. 2010), cert. denied 132 S. Ct. 346 (2011)(failing to raise a meritless issue on appeal is neither deficient performance nor prejudicial); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989)(appellate counsel

---

[2] Recently, the Supreme Court discussed a narrow exception to the rule established in Coleman.  In Martinez v. Ryan, 132 S.Ct. 1309, 1320 (March 20, 2012), the Supreme Court recognized that post-conviction counsel's ineffectiveness may constitute "cause" to excuse a procedural default where, "under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding." Martinez, 132 S.Ct. at 1320; Sexton v. Cozner, ___ F.3d ___, 2012 WL 1760304,*7 (9th Cir. May 14, 2012).  The limited Martinez exception is inapplicable here because it does not apply to "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." Martinez, 132 S.Ct. at 1320; Bray v. Belleque, 2012 WL 1409328, *4 (D. Or. Apr. 19, 2012).

13 - FINDINGS AND RECOMMENDATION

remains above objective standard of reasonableness when counsel declines to raise a weak issue on appeal). And third, an ineffective assistance of counsel claim must be separately exhausted as a viable independent claim in state court before it can serve as "cause" to excuse the procedural default of another claim. Cockett v. Ray, 333 F.3d 938, 943 (9th Cir. 2003); Murray, 477 U.S. at 488-89. Because petitioner has not exhausted his alleged ineffective assistance of appellate counsel claim in any other proceeding, it may not serve as cause to excuse his procedural default in this proceeding.

Lastly, I reject petitioner's contention that failure to consider his procedurally defaulted claim will result in a fundamental miscarriage of justice because he is actually innocent. In order to qualify for this "miscarriage of justice" exception, petitioner must support his allegation of constitutional error with "new reliable evidence, trustworthy eyewitness accounts, or critical evidence" that was not previously presented. Schlup, 513 U.S. at 298. The "evidence" submitted by petitioner – documents, orders, and briefing concerning an unrelated appeal of a May 5, 2010 PSRB Commit Order – simply does not constitute the type of new reliable evidence described in Schlup.

In summary, petitioner has not established cause and prejudice to excuse his procedural default, nor that he is actually innocent

or that a miscarriage of justice will result if his claims are not considered.

## CONCLUSION

Based on the foregoing, petitioner's petition for Writ of Habeas Corpus (#2) should be DENIED, and this proceeding should be DISMISSED, with prejudice.  Because petitioner has not made a substantial showing of the denial of a constitutional right, I recommend that a certificate of appealability be DENIED.  See 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due on June 25, 2012.  If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due on July 12, 2012, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this 7th day of JUNE, 2012.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge

15 - FINDINGS AND RECOMMENDATION