IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RICHARD ITHIEL LAING**,

    Petitioner,

    v.

**JOHN KROGER, et al.**,

    Respondents.

No. 3:10-cv-00878-HU

OPINION AND ORDER

**MOSMAN, J.**,

On June 7, 2012, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [38] in the above-captioned case, recommending that I deny both Mr. Laing's petition for Writ of Habeas Corpus [2] and request for a certificate of appealability and dismiss this case with prejudice. Petitioner filed Objections [40] and defendants responded [41].

## BACKGROUND

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate

1 – OPINION AND ORDER

judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Petitioner objects to Judge Hubel's findings that his claim is procedurally defaulted, that the default is not excused, that his petition should be denied, and that a certificate of appealability should not be issued. Respondents rely solely on their pleadings in opposition to the petition for writ in support of their contention that the F&R should be upheld. I have reviewed petitioner's prior arguments in light of the record and reject each of them in line with Judge Hubel's reasoning.

Petitioner makes three additional objections. First, he highlights Judge Hubel's finding that the Oregon Attorney General would have to request that the Oregon Psychiatric Security Review Board ("PSRB") conditionally release petitioner to his period of supervision following his prison term. (*See* F&R [38] 3 (citing 5/7/08 Commit Order [28] Ex. 3, 46)). This purported objection, which is more an attempt to clarify the facts, is inapposite to the sole issue here—whether the PSRB decision to extend its jurisdiction over petitioner beyond the initial period imposed by the trial court was unconstitutional—and therefore, even assuming the finding is wrong, the outcome is unaffected. Second, petitioner argues that Judge Hubel should not have addressed *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), but again, does not explain the consequence of this alleged error. I find this objection unpersuasive irrespective of its merits considering Judge Hubel's further finding that petitioner, assuming he had a right to counsel, both failed to show that his attorney's performance was constitutionally ineffective and to exhaust this claim in any other proceeding. Lastly, petitioner takes issue with Judge Hubel's recommendation that I not issue a certificate of

2 – OPINION AND ORDER

appealability, stating in entirety that "reasonable jurists could disagree as to whether Mr. Laing is entitled to relief on his claim." (Pet.'s Obj. [40] 4). I reject this argument pursuant to my adoption of Judge Hubel's findings with regard to the denial of petitioner's Writ of Habeas Corpus.

## CONCLUSION

Upon review, I agree with Judge Hubel's recommendation and I ADOPT the F&R [38] as my own opinion. Mr. Laing's Petition for Writ of Habeas Corpus [2] is DENIED and this case is DISMISSED with prejudice. I decline to issue a certificate of appealability because petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this   10th   day of August, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court